IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | NO. 1:11-CR-445-JEC |
| | : | |
| JOSEPH M. ELLES (1) | : | |
| JOSEPH PACIFICO (2) | : | |

**DEFENDANT JOSEPH PACIFICO'S MOTION FOR PRETRIAL DISCLOSURE OF GOVERNMENT WITNESSES AND EXHIBIT LIST**

COMES NOW Joseph Pacifico, by and through his undersigned counsel, and respectfully moves the Court to enter an order directing the Government to furnish a good faith exhibit list no later than forty-five (45) days before trial and good faith witness list no later than thirty days (30) days prior to trial.[1] In support of his request, Mr. Pacifico respectfully states the following:

### BACKGROUND

Mr. Pacifico was indicted on March 20, 2012, and charged with securities fraud, causing the filing of false financial statements, and falsifying corporate books and records. (Doc. 50.) The charges relate to actions he allegedly took

---

[1] Counsel for Mr. Pacifico conferred with counsel for the United States regarding the subject matter of this motion but was unable to reach agreement on the resolution of the issue therein.

1

18168563.2

while employed as President of Carter's, Inc.  (*Id.*)  As a result of the complex accounting issues arising from the charges, discovery in this matter will be voluminous.  To date, Mr. Pacifico has received more than 250,000 pages of documents from the Government.  The pool of potential witnesses is also large and there easily could be dozens of witnesses called at trial.

On February 23, 2012, the Government and Defendant Elles filed a Joint Motion for Proposed Scheduling Order.  (Doc. 40.)  The Court entered an Order on February 28, 2012, establishing pretrial deadlines for the exchange of these documents.  (Doc. 45.)

## ARGUMENT AND CITATION OF AUTHORITY

**I.  The Government Should Be Ordered to Disclose Its Good Faith Exhibit List to Mr. Pacifico At Least Forty-Five (45) Days Prior to Trial.**

Federal Rule of Criminal Procedure 16(a)(1)(E)(ii) requires the government to produce in discovery all material it intends to use "in its case in chief-at-trial." In cases involving voluminous discovery, courts have held that this rule may be used to require the government to identify which specific documents, among hundreds of thousands disclosed, constitute the actual documents the government intends to use in its case in chief-at-trial.  For example, in *U.S. v. Anderson*, 416 F. Supp. 2d 110, 114 (D.D.C. 2006), the court required the government to identify the material to be used at trial where the government had produced 500,000 pages of

Rule 16 discovery, finding that failure to do so would have "materially impeded the defendant's counsel's ability to prepare an adequate defense."

Likewise, in *U.S. v. Upton*, 856 F. Supp. 727, 747 (E.D.N.Y. 1994), the district court concluded that the government had not fulfilled its basic obligation under Rule 16 merely by "produc[ing] thousands of pieces of paper, [particularly when] of those thousands of documents the . . . Indictment puts the defendants on notice of only a handful of items."  The *Upton* court ordered the government to provide a list of documents it intended to rely upon during its case-in-chief, stating that the defendants should not be "kept in the dark until trial" as to which documents the government would use.  *Id.* at 748; *see also U.S. v. Poindexter*, 727 F. Supp. 1470, 1484 (D.D.C. 1989) (government may not take "broad brush approach" to discovery, "identifying several thousand pages, any of which it 'may' rely on at trial"); *U.S. v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978) (requiring government to provide an exhibit list although the case involved "only" 25,000 documents); *U.S. v. Vilar*, 530 F. Supp. 2d 616, 640 (S.D.N.Y. 2008) (ordering exhibit list in case involving "large number of documents"); *U.S. v. Madeoy*, 652 F. Supp. 371, 375-76 (D.D.C. 1987) (same), *aff'd*, 912 F.2d 1486 (D.C. Cir. 1990).

It is not sufficient for the Government to simply disclose piles and piles of documents and force Mr. Pacifico to speculate as to what is relevant or what may

3

be introduced by the Government into evidence at trial. Rather, the burden is rightly placed on the Government to review its case and identify the specific evidence it intends to introduce in its case-in-chief.[2] Accordingly, the Government should be ordered to provide, no later than forty (45) days prior to trial, the same good faith exhibit list to Mr. Pacifico as the one it is already ordered to provide to Mr. Elles.

### II. The Government Should Be Ordered to Provide a Good Faith Witness List to Mr. Pacifico At Least Thirty (30) Days Before Trial.

The Government should also be ordered to furnish a good faith witness list at least thirty (30) days prior to trial. Within the Court's inherent discretion to manage its docket is the power to impose and enforce a witness disclosure order. *U.S. v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981); *U.S. v. W. R. Grace*, 526 F.3d 499 (9th Cir. 2008); *U.S. v. DeCoteau*, 186 F.3d 1008, 1010 n. 2 (8th Cir. 1999); *U.S. v. Fletcher*, 74 F. 3d 49, 54 (4th Cir 1996); *U.S. v. Napue*, 834 F.2d

---

[2] It is clear that "use . . . in . . . case-in-chief at trial" includes "not only documents which will be marked and offered in evidence by the government, but also documents which will be relied on or referred to in any way by any witness called by the government during its case in chief." *Turkish, supra*, 458 F. Supp. at 882 (citation and internal quotation marks omitted); *see also Poindexter, supra*, 727 F. Supp. at 1484 (ordering government to identify, among other things, all documents on which a witness will rely or to which he will refer to at trial); *accord Upton, supra*, 856 F. Supp. at 748.

18168563.2

1311, 1318 (7th Cir. 1988); *U.S. v. Rosales*, 680 F.2d 1304, 1305 (10th Cir. 1981); *U.S. v. Jordan*, 466 F.2d 99, 101 (4th Cir. 1972).  In the *W. R. Grace* case, for example, the Ninth Circuit upheld the trial court's order requiring the government to provide a finalized witness list a year prior to trial, finding that such an order was well within the court's authority under Federal Rules of Criminal Procedure 2 and 16, and its more general inherent authority to manage its docket.

As noted above, this case is complex and the pool of potential witnesses is large.  Carter's has thousands of employees, and dozens were involved in the handling of accommodations during Mr. Pacifico's employment at the company.  During the internal investigation related to accommodations conducted by outside counsel for Carter's, Ropes & Gray, more than twenty (20) former and current Carter's employees were interviewed.  There are also numerous potential witnesses at customers of Carter's, particularly Kohl's, as well as at Carter's outside auditor PricewaterhouseCoopers.

If the Government is not required to prepare a witness list in advance of trial, Mr. Pacifico may not have the opportunity to attempt to interview all potential witnesses, which will prejudice his defense.  Mr. Pacifico's defense will also be prejudiced in that his counsel will need to prepare to examine all of the potential witnesses, rather than only the witnesses who will actually testify at trial.  There is

no reason to require the defense to waste valuable time preparing to examine witnesses that the government has no intention of calling, especially considering the large number of potential trial witnesses.

Requiring the Government to disclose its witness list sufficiently in advance of trial serves the interests advanced by the Federal Rules of Criminal Procedure, including Rule 2, which provides that the rules are to be interpreted in a way that provides for the "just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."  It is likewise clear that no interest of the Government would be prejudiced by requiring the Government to provide a witness list in advance of trial, and Government should therefore be ordered to provide this list to Mr. Pacifico no later than thirty (30) days prior to trial.

## CONCLUSION

For the forgoing reasons, Defendant Joseph Pacifico respectfully requests that this Court order the Government to disclose a good faith exhibit list to Mr. Pacifico at least forty-five (45) days before trial and to disclose a good faith witness list to Mr. Pacifico at least thirty (30) days before trial.

Respectfully submitted this 16th day of July, 2012.

/s/ Peter J. Anderson
Peter J. Anderson

6

18168563.2

Georgia Bar No. 017837
W. Scott Sorrels
Georgia Bar No. 667074
Sutherland Asbill & Brennan LLP
999 Peachtree Street N.E.
Atlanta, Georgia 30309
(404) 853-8414-telephone
(404) 853-8806-facsimile
peter.anderson@sutherland.com
scott.sorrels@sutherland.com

*Attorneys for Joseph M. Pacifico*

## CERTIFICATION

I certify that the foregoing pleading was prepared with the font and point selections approved by L.R. 5.1.C.

                                         */s/* Peter J. Anderson

                                         Peter J. Anderson
                                         Georgia Bar No. 017837
                                         W. Scott Sorrels
                                         Georgia Bar No. 667074
                                         Sutherland Asbill & Brennan LLP
                                         999 Peachtree Street, N.E.
                                         Atlanta, Georgia 30309-3996
                                         (404) 853-8000 – telephone
                                         (404) 853-8806 – facsimile
                                         peter.anderson@sutherland.com
                                         scott.sorrels@sutherland.com

                                         *Attorneys for Joseph M. Pacifico*

18168563.2

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2012, I served by U.S. mail and electronically filed **DEFENDANT JOSEPH PACIFICO'S MOTION FOR PRETRIAL DISCLOSURE OF GOVERNMENT WITNESSES AND EXHIBIT LIST** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

>David M. Chaiken, Esq.
>Douglas Gilfillan, Esq.
>Assistant United States Attorneys
>600 United States Courthouse
>75 Spring Street, S.W.
>Atlanta, Georgia  30309
>
>Edward D. Tolley, Esq.
>COOK NOELL TOLLEY & BATES LLP
>304 E. Washington Street
>P. O. Box 1927
>Athens, Georgia  30603
>etolley@mindspring.com

>/s/ Peter J. Anderson
>Peter J. Anderson
>Georgia Bar No. 017837
>Sutherland Asbill & Brennan LLP
>*Attorneys for Joseph M. Pacifico*

18168563.2