IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | NO. 1:11-CR-445-JEC |
| | : | |
| JOSEPH M. ELLES (1) | : | |
| JOSEPH PACIFICO (2) | : | |

**DEFENDANT JOSEPH PACIFICO'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR ORDER AUTHORIZING ALTERNATIVE VICTIM NOTIFICATION PROCEDURES PURSUANT TO 18 U.S.C. § 3771(d)(2)**

Defendant Joseph Pacifico, by and through his counsel, Peter J. Anderson and W. Scott Sorrels, Sutherland Asbill & Brennan LLP, respectfully files this Response in Opposition to the Government's Motion for Order Authorizing Alternate Victim Notification Procedures Pursuant to 18 U.S.C. § 3771(d)(2) ("Motion"). [Docket No. 131.]

### I. INTRODUCTION

Mr. Pacifico acknowledges the Government's notice obligations pursuant to § 3771 and does not object to the Government's proposal to publish notice in the Wall Street Journal as an alternative means of notice pursuant to § 3771(d)(2); however, Mr. Pacifico objects to the timing and content of the Government's proposed notice. As Mr. Pacifico argued in his Motion to Sever Defendants and

1

Memorandum of Law in Support Thereof [Docket 90], this action combines two cases that differ significantly in the nature of the conduct at issue and the scope of the time period covered by the allegations. The Government's proposed notice, attached as Exhibit 1 to its Motion, perpetuates the inappropriate and unnecessary conflation of the allegations against Mr. Elles and Mr. Pacifico. Because Mr. Pacifico's Motion to Sever is still pending before this Court, and because the Proposed Order unfairly prejudices the jury pool and Mr. Pacifico's ability to obtain a fair trial, Mr. Pacifico respectfully requests the Court deny the Government's Motion in its present form.

## II. BACKGROUND

The Government initially indicted Joseph Elles on September 21, 2011, as the sole defendant, alleging that he devised and executed a scheme to "hide and conceal millions of dollars in accommodations payments promised by [him] to Kohl's . . . over a multi-year period" while serving as Executive Vice President of Sales for Carter's, Inc. ("Carter's"). [Docket No. 1 at 6.] Six months after indicting Mr. Elles, the Government filed a superseding indictment charging Mr. Pacifico in five of thirty-seven counts. [Docket No. 50.] On May 11, 2012, Mr. Pacifico filed a Motion to Sever Defendants, which is currently pending before the Court. [Docket No. 90.] No trial date has been set and no proceedings that would

require notice to victims have been scheduled. Accordingly, the Government's request to provide notice to victims is premature.

The Government's case against Mr. Elles alleges active participation in a fraudulent scheme from 2006 through 2009, whereas the Government's case against Mr. Pacifico alleges a cover-up of that scheme, which he allegedly learned of in April of 2009. Notwithstanding the significant difference between the conduct and time periods at issue in the allegations against the defendants, the Government's proposed notice misleadingly states: "Two former executives of Carter's, Inc. (NYSE: CRI) have been indicted by a federal grand jury in Atlanta, Georgia, for violating certain federal securities laws in connection with the securities of Carter's, Inc. between 2006 and 2009, and thereby defrauding Carter's Inc. shareholders." The proposed notice conflates the charges against Mr. Pacifico and Mr. Elles and is, therefore, unfairly prejudicial and inaccurate.

### III. ARGUMENT

This Court should deny the Government's Motion because the proposed notice is premature and unfairly prejudicial. Section 3771 grants victims of crimes certain rights including "[t]he right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused." 18 U.S.C.A. § 3771(a)(2). Given that there

3

19503062.1

are no proceedings currently scheduled in this matter that require imminent notice to victims, notice is not necessary at this time. Further, if the Court grants Mr. Pacifico's Motion to Sever, the form of the notice would necessarily change. Waiting to provide notice will allow the Court to rule on Mr. Pacifico's Motion to Sever and will not prejudice the rights of any victims or impede the Government's ability to provide proper notice.

Even if the Court determines that notice is appropriate at this point in the proceedings, the proposed notice is unfairly prejudicial and inaccurate and should therefore be revised. Specifically, the notice states that both defendants have been indicted for violating securities laws between 2006 and 2009. This 2006 to 2009 time period relates to the charges against Mr. Elles, not to the charges against Mr. Pacifico. The superseding indictment states: "Beginning on a date unknown to the Grand Jury, but at least by in or about 2006, and continuing until in or about mid-2009, . . . the defendant, JOSEPH M. ELLES, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully execute and attempt to execute a scheme and artifice (1) to defraud other persons . . . ." [Docket 50, ¶ 1.] With respect to Mr. Pacifico, the superseding indictment alleges: "Beginning on a date unknown to the Grand Jury, but at least by in or about April 2009, and continuing through in or about November 2009, . . . .the defendant, JOSEPH

PACIFICO, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully execute and attempt to execute a scheme and artifice (1) to defraud other persons . . . ." [Docket 50, ¶ 6.] The Government's use of the 2006 to 2009 timeframe with respect to both defendants in the proposed notice is thus inaccurate and, more importantly, prejudices Mr. Pacifico's ability to obtain a fair trial.

This is already a highly publicized case. Because the notice will be published in the Wall Street Journal, potential jurors are likely to see the notice. Consequently, this Court should ensure that information publicized by the prosecution is accurate and not unduly prejudicial. "The trial judge has a large discretion in ruling on the issue of prejudice resulting from the reading by jurors of news articles concerning the trial." *Marshall v. U.S.*, 360 U.S. 310, 312 (1959) (holding that jurors' exposure to newspaper articles regarding prior convictions that the trial court excluded warranted new trial); *see also U.S. v. Tokars*, 839 F. Supp. 1578, 1580 (N.D. Ga. 1993) (quoting *Marshall* and granting defendants' motion for change of venue as a result of pretrial publicity); *Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966) ("If publicity during the proceedings threatens the fairness of the trial, a new trial should be ordered. But we must remember that reversals are but palliatives; the cure lies in those remedial measures that will

19503062.1

prevent the prejudice at its inception.  The courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences."). Through the proposed notice, the Government will create the misimpression that the conduct with which Mr. Pacifico is charged occurred for a period of three years rather than the seven months alleged in the indictment.  To protect Mr. Pacifico's right to a fair trial, this Court should deny the Government's Motion and require the Government to provide a notice that accurately reflects the charges in the indictment.

## IV.   CONCLUSION

For the reasons set forth above, Defendant Joseph Pacifico respectfully requests the Court deny the Government's Motion for Order Authorizing Alternative Victim Notification Procedures pursuant to 18 U.S.C. § 3771(d)(2).

Respectfully submitted, this 24th day of October, 2012.

>  */s/ Peter J. Anderson*
>  Peter J. Anderson
>  Georgia Bar No. 017837
>  W. Scott Sorrels
>  Georgia Bar No. 667074

19503062.1

                                        Sutherland Asbill & Brennan LLP
                                        999 Peachtree Street N.E.
                                        Atlanta, Georgia 30309
                                        (404) 853-8414-telephone
                                        (404) 853-8806-facsimile
                                        *peter.anderson@sutherland.com*
                                        *scott.sorrels@sutherland.com*

                                        *Attorneys for Joseph Pacifico*

19503062.1

## CERTIFICATION

I certify that the foregoing pleading was prepared with the font and point selections approved by L.R. 5.1.C.

>
> */s/ Peter J. Anderson*
> Peter J. Anderson
> Georgia Bar No. 017837
> W. Scott Sorrels
> Georgia Bar No.  667074
> Sutherland Asbill & Brennan LLP
> 999 Peachtree Street, N.E.
> Atlanta, Georgia 30309-3996
> (404) 853-8000 – telephone
> (404) 853-8806 – facsimile
> *peter.anderson@sutherland.com*
> *scott.sorrels@sutherland.com*
>
> *Attorneys for Joseph Pacifico*

19503062.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 24th, 2012, I served by U.S. Mail and electronically filed **DEFENDANT JOSEPH PACIFICO'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR ORDER AUTHORIZING ALTERNATIVE VICTIM NOTIFICATION PROCEDURES PURSUANT TO 18 U.S.C. § 3771(d)(2)** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

<div style="display:flex">

David M. Chaiken, Esq.
Douglas Gilfillan, Esq.
Assistant United States Attorneys
600 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia  30309

Edward D. Tolley, Esq.
Devin Hartness Smith, Esq.
Cook Noell Tolley & Bates LLP
304 E. Washington Street
P.O. Box 1927
Athens, Georgia 30603
etolley@mindspring.com
dhsmith@yahoo.com

</div>

George Koenig, Esq.
Koenig Law Group, P.C.
1718 Peachtree Street NW
Atlanta, Georgia 30309
george@koeniglawgroup.com

/s/ Peter J. Anderson
Peter J. Anderson
Georgia Bar No. 017837

*Attorney for Joseph Pacifico*

9

19503062.1